Scott E. Davis, OSB# 022883
scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Tel: 503-595-5300

John D. Denkenberger (*pro hac vice* application forthcoming)
john.denkenberger@cojk.com
Brian F. McMahon (*pro hac vice* application forthcoming)
brian.mcmahon@cojk.com
CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Tel: 206-682-8100

*Attorneys for Plaintiff Pacific Foods of Oregon, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PACIFIC FOODS OF OREGON, INC.**,<br><br>    Plaintiff,<br>v.<br><br>**CALIFIA FARMS, LLC**,<br><br>    Defendant. | Case No. 3:16-cv-1752<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT** |

## 1.  NATURE OF THE ACTION

1. This is an action for false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)) and at common law, and for unfair trade practices under Oregon common law.

## 2.  PARTIES

2. Plaintiff Pacific Foods of Oregon, Inc. ("Pacific Foods") is a company organized and operating under the laws of Oregon with a principal place of business at 19480 SW 97th Avenue, Tualatin, Oregon 97062.

3. Upon information and belief, Defendant Califia Farms, LLC ("Defendant") is an entity organized under the laws of Delaware with a principal place of business at 1095 E. Green Street, Pasadena CA 91106.

## 3.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. This Court has general personal jurisdiction over Defendant because Defendant has continuous and systematic contacts within the State of Oregon, including by marketing, distributing, and selling its products within the State of Oregon. This Court also has specific personal jurisdiction over Defendant because Defendant's infringing activities giving rise to this action, at least in part, have occurred and continue to occur within the State of Oregon.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff resides in this District, Defendants are transacting business within this District, and a

substantial part of the events giving rise to the claims in this action occurred within this District.

## 4.  BACKGROUND

7.  Pacific Foods offers a wide variety of packaged beverages and food products, including dairy and non-dairy beverages, soups, broths and stocks, sauces and purees, meals and side dishes.  Since opening its doors over 28 years ago, Pacific Foods set out to make healthier, better-tasting foods while maintaining environmental sustainability and supply-chain integrity. Throughout this process, Pacific Foods has committed and expended substantial time, money, and other resources in developing, advertising, and otherwise promoting these products.  These efforts have resulted in Pacific Foods achieving a high level of brand recognition for its products.

8.  Pacific Foods markets and sells its products in every state in the country.  Pacific Foods' products are available in grocery stores, convenience stores, gourmet food shops, and online, as well as through specialty food service distribution.

9.  Pacific Foods' most popular products include its non-dairy beverages, created to supplement or substitute for milk and dairy products.  In particular, Pacific Foods' BARISTA SERIES line of non-dairy beverages is designed and marketed as a dairy alternative for use with coffee, espresso, and chai products.  Attached as Exhibit A is a photograph of a Pacific Foods BARISTA SERIES product.  The BARISTA SERIES products are distributed through specialty coffee and food service distribution channels, including in coffee shops and online, where they may be used by food service professionals or purchased by individual consumers.  Pacific Foods' BARISTA SERIES line features several different varieties of dairy alternatives, including almond, soy, and coconut.  The BARISTA SERIES products have been distributed and sold throughout the U.S., including Oregon, since 2008.  Pacific Foods has developed a strong reputation and substantial goodwill among consumers and common-law rights in the BARISTA SERIES

trademark. In 2013 Pacific Foods filed an application with the United States Patent and Trademark Office for Federal registration of the BARISTA SERIES mark, but was refused due to a third party registration for the mark BARISTA. The United States Patent and Trademark Office required Pacific Foods to disclaim the term "series," but did not issue any other substantive refusal.

10. Defendant Califia Farms also distributes non-dairy beverages, including but not limited to non-dairy beverages designed and marketed as a dairy alternative for use by baristas with coffee and espresso. On information and belief, Defendant introduced these products in 2014 and distributes them through grocery stores, coffee shops, and online retailers (including Amazon) to foodservice professionals and individual consumers. On information and belief, Defendant originally used the trademark BARISTA BLEND for this line of products.

11. In April 2015, both Pacific Foods and Defendant attended the Specialty Coffee Association of America Expo in Seattle, Washington. There, Pacific Foods discovered that Defendant was also using the trademark BARISTA SERIES on the packaging for its non-dairy beverages, on its sell sheets, and on its website. Attached as Exhibit B is a photograph of one of Defendant Califia Farms' products with the BARISTA SERIES trademark on the packaging.

12. Defendant Califia Farms distributes and sells the BARISTA SERIES branded products in stores in Oregon. Attached as Exhibit C is an investigation report showing the Califia Farms non-dairy beverages branded with BARISTA SERIES available on the shelves and purchased from New Seasons Market in Hillsboro, Oregon.

### 5. CLAIMS FOR RELIEF

#### COUNT I

**False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)(1)**

13. Pacific Foods incorporates and realleges the allegations set forth in the foregoing

paragraphs of this Complaint.

14. This cause of action for unfair competition arises under Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and Oregon state common law.

15. The BARISTA SERIES mark constitutes a valid and protectable trademark.

16. By virtue of its use in commerce in the United States and in the state of Oregon, Pacific Foods owns the BARISTA SERIES mark.

17. Pacific Foods has priority of use of the BARISTA SERIES mark in commerce.

18. Pacific Foods has used the BARISTA SERIES mark since at least as early as April 21, 2008, and has distributed products in Oregon bearing the BARISTA SERIES mark since at least as early as April 21, 2008.

19. On information and belief, Defendant Califia Farms began use of the BARISTA SERIES mark no earlier than April, 2010.

20. Pacific Foods has valid and enforceable common-law rights in the BARISTA SERIES mark.

21. Defendant's use of the BARISTA SERIES mark is likely to cause confusion.

22. The BARISTA SERIES mark is strong because it is arbitrary or at most suggestive.

23. The goods on which Defendant uses the BARISTA SERIES mark are identical to and competitive with the goods on which Pacific Foods uses the BARISTA SERIES mark.

24. The marks at issue are identical.

25. The marketing channels at issue are identical.

26. Defendant's sales, offers for sale, and distribution of these infringing products are likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of Defendant or Defendant's products with Pacific Foods, or as to the

origin, sponsorship, or approval by Pacific Foods of Defendant's goods, services, or commercial activities.  Such confusion or mistake is likely to occur either at the point of sale of these products, at some point commercially downstream thereafter, or in both instances.

27. Defendant's sales and distribution of these products enable Defendant to benefit unfairly from Pacific Foods' reputation and success, thereby giving Defendant's infringing products sales and commercial value they otherwise would not have.

28. Defendant has received either actual notice and knowledge, or constructive notice of Pacific Foods' rights in the BARISTA SERIES mark.

29. Defendant's unauthorized use of Pacific Foods' BARISTA SERIES mark is likely, if not certain, to deceive or cause confusion or mistake among consumers as to the origin, sponsorship, or approval of Defendant's line of products and/or to cause confusion or mistake as to any affiliation, connection, or association between Pacific Foods and Defendant, in violation of 15 U.S.C. § 1125(a)(1).

30. Pacific Foods is informed and believes, and on that basis alleges, that Defendant's infringement of Pacific Foods' BARISTA SERIES mark as described herein has been and continues to be intentional, willful, and without regard to Pacific Foods' rights in the BARISTA SERIES mark.

31. Pacific Foods is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of their infringement of Pacific Foods' BARISTA SERIES mark.

32. Pacific Foods will suffer and is suffering irreparable harm from Defendant's infringement of Pacific Foods' BARISTA SERIES mark insofar as Pacific Foods' invaluable goodwill is being eroded by Defendant's continuing infringement.  Pacific Foods has no adequate remedy at law to compensate it for the consumer confusion and loss of business reputation,

customers, market position, and goodwill flowing from the Defendant's infringing activities. Pursuant to 15 U.S.C. § 1116(a), Pacific Foods is entitled to an injunction against Defendant's continuing infringement of Pacific Foods' BARISTA SERIES mark.  Unless enjoined, Defendant will continue its infringing conduct.

33. Pacific Foods is entitled to recover Defendant's profits, damages, the costs of the action, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II

**Trademark Infringement And Unfair Competition Under Oregon Common Law**

34. Pacific Foods incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

35. Defendant's sales and distribution of products under the BARISTA SERIES mark enables Defendant to benefit unfairly from Pacific Foods' reputation and success, thereby giving Defendant's infringing products sales and commercial value they otherwise would not have.

36. Defendant has received either actual notice and knowledge, or constructive notice of Pacific Foods' rights in the BARISTA SERIES mark.

37. Defendant's unauthorized use of Pacific Foods' BARISTA SERIES mark is likely, if not certain, to deceive or cause confusion or mistake among consumers as to the origin, sponsorship, or approval of Defendant's line of products and/or to cause confusion or mistake as to any affiliation, connection, or association between Pacific Foods and Defendant.

38. Pacific Foods is informed and believes, and on that basis alleges, that Defendant's infringement of Pacific Foods' BARISTA SERIES mark as described herein has been and continues to be intentional, willful, and without regard to Pacific Foods' rights in the BARISTA SERIES mark.

39. Pacific Foods is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of their infringement of Pacific Foods' BARISTA SERIES mark.

40. The foregoing acts of Defendant constitute unfair trade practices in violation of Oregon common law.

41. Pacific Foods is entitled to recover at least Defendant's profits from its infringing activities in an amount to be determined at trial.

42. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

43. Defendant's acts have damaged and will continue to damage Pacific Foods, and Pacific Foods has no adequate remedy at law.

44. Pacific Foods is entitled to an injunction against Defendant's continuing infringement of Pacific Foods' BARISTA SERIES mark. Unless enjoined, Defendant will continue its infringing conduct.

## 6. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

45. Finding that: Defendant has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

46. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, permanently restraining and enjoining Defendant, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   a. Advertising, marketing, promoting, supplying, distributing, offering for

sale, or selling any products which bear the BARISTA SERIES mark, or otherwise using that mark in connection with goods;

b. Engaging in any other activity constituting unfair competition with Pacific Foods, or acts and practices that deceive consumers, the public, and/or the trade, including without limitation, the use of the BARISTA SERIES mark; or

c. Engaging in any other activity that will cause public or consumer confusion between Pacific Foods' products and Defendant's products at issue;

47. Requiring Defendant to recall from any distributors and retailers and to deliver to Pacific Foods for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore;

48. Requiring Defendant to file with this Court and serve on Pacific Foods within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant have complied with the injunction;

49. Awarding Pacific Foods actual and punitive damages to which it is entitled under applicable federal and state laws;

50. Awarding Pacific Foods its damages, costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117); and

51. Awarding Pacific Foods such additional relief as the Court deems just and proper.

Dated: September 1, 2016

                                                  Respectfully submitted,

                                                  *s/ Scott E. Davis*
                                                  Scott E. Davis, OSB# 022883
                                                  KLARQUIST SPARKMAN, LLP

Brian F. McMahon (*pro hac vice* application forthcoming)
John D. Denkenberger (*pro hac vice* application forthcoming)
CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC

*Attorneys for Plaintiff Pacific Foods of Oregon, Inc.*

COMPLAINT FOR TRADEMARK INFRINGEMENT                                  9